**Henry NWACHUKWU, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–41183–ag.**

United States Court of Appeals, Second Circuit.

Dec. 29, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Anton F. Mikel, New York, NY, for Petitioner.

Leslie McKay, Office of Immigration Litigation, Civil Division, Washington D.C. (Frank Michael Ringer, Assistant United States Attorney, for Roger C. McCampbell, United States Attorney for the Western District of Oklahoma, Oklahoma City, OK, on the brief), for Respondent.

Present: ROSEMARY S. POOLER, ROBERT D. SACK, and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

■ Petitioner Henry Achim Nwachukwu, a native and citizen of Nigeria, seeks review of the November 20, 2003, order of the Board of Immigration Appeals ("BIA") affirming the February 28, 2003, decision of Immigration Judge ("IJ") Barbara A. Nelson denying Nwachukwu's application for asylum, withholding of removal, and relief under the Convention Against Torture.[2] *See In re Henry Nwachukwu*, No.

**2.** Nwachukwu does not challenge the denial of his claim for CAT relief in his brief to this Court, and therefore, this claim is deemed

A. 72 778 937 (B.I.A. Nov. 20, 2003), *aff'g* No. A. 72 778 937 (Immig. Ct. N.Y. City Feb. 28, 2003). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.[3]

Where, as here, the BIA summarily affirms the IJ's decision, we review the decision of the IJ as the final agency determination. See *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). While we review factual findings under the substantial evidence standard, we will "vacate and remand BIA decisions that result from flawed reasoning or the application of improper legal standards." *Rizal v. Gonzales*, 442 F.3d 84, 89 (2d Cir.2006).

■ Based on our review, we find the IJ's decision legally erroneous and, therefore, remand is necessary. First, the IJ failed to properly explain why Nwachukwu's testimony that he was severely beaten by government officials because of his father's pro-Igbo political activities did not rise to the level of past persecution. This Court has found that physical abuse by government officials on account of a statutorily protected ground can be sufficient to establish past persecution. See *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006); *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir.2006). The IJ's failure to meaningfully evaluate this testimony or sufficiently explain why she was rejecting it frustrates appellate review. *See id.* at 341–42 ("While we do not require the IJ to make individualized credibility findings for each allegation, in the face of the substantial testimony and corroborating documentation petitioner submitted to the IJ regarding her· religious

persecution, we find it remarkable, not to mention frustrative of judicial review, that the IJ did not in any way analyze or weigh that testimony.") (internal citation and quotation marks omitted); *Beskovic*, 467 F.3d at 227 ("Because we cannot determine whether the IJ correctly assessed Beskovic's claim of past persecution, we are stymied."). Furthermore, this error by the IJ is significant. See *id.* at 227 ("Whether or not Beskovic is entitled to a presumption of future persecution requires a determination, based on the correct legal standard, of whether he suffered past persecution.").

■ Second, the IJ's failure to give any consideration to Nwachukwu's explanation for the inconsistency between his I–589 form and his subsequent affidavit and testimony runs afoul of our decision in *Zhi Wei Pang v. Bureau of Citizenship and Immigration Servs.*, 448 F.3d 102, 108 (2d Cir.2006) ("[W]hen a petitioner challenges the accuracy of the contents of his I–589 application that was signed under penalty of perjury, the IJ must evaluate the petitioner's explanations and determine whether the presumption of 8 C.F.R. § 208.3(c)(2) has been rebutted."). Since the inconsistencies between the claim presented in Nwachukwu's I–589 application and the claim presented at the hearing were the only grounds cited by the IJ that could potentially support an adverse credibility finding, we cannot sustain the IJ's decision without a reasoned explanation for why the IJ gave weight to the statements in the I–589 in light of Nwachukwu's testimony that the application was filled out without his knowledge. *See id.*

waived. See *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005).

**3.** We grant Nwachukwu's unopposed motion to take judicial notice of certain documents, although we note that these documents have no effect on our decision.

("Absent a reasoned evaluation of [petitioner's] explanations and the application's facial deficiencies, the IJ's reliance on inconsistencies arising from that application cannot constitute substantial evidence in support of an adverse credibility finding.").

Finally, without a definitive finding regarding past persecution, we cannot determine whether the IJ committed legal error in placing the burden of proof on Nwachukwu to show that country conditions in Nigeria had not changed or that internal relocation was not reasonable. If Nwachukwu has established past persecution, then the burden rests squarely on the government to rebut the presumption of future persecution. *See* 8 C.F.R. §§ 208.13(b)(1), 208.13(b)(3)(i)(ii).

For the foregoing reasons, the petition for review is GRANTED, the BIA order is VACATED, and the matter is REMANDED for further proceedings consistent with this order. Because we vacate the BIA's order, Nwachukwu's pending motion to stay the order of removal is DENIED as moot.